UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-60164-CR-UNGARO/OTAZO-REYES

UNITED STATES OF AMERICA,

v.

MELVIN DWAYNE ROBINSON,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

**THIS MATTER** came before the Court upon a Superseding Petition for Offender Under Supervision (hereafter, "Superseding Petition"), dated June 23, 2016, as to Defendant Melvin Dwayne Robinson ("Robinson" or "Defendant") [D.E. 46]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida by the Honorable Ursula Ungaro, United States District Judge [D.E. 52]. The charged violations are as follows:

    **1. Violation of Mandatory Condition**, by failing to satisfy the court-ordered restitution. On January 12, 2007, restitution in the amount of $33,400.55 was ordered to be paid, and to date, the defendant has failed to pay as scheduled.

    **2. Violation of Mandatory Condition**, by failing to satisfy the court-ordered special assessment. On January 12, 2007, special assessment in the amount of $800.00 was ordered to be paid, and to date, the defendant has failed to pay as scheduled.

    **3. Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about May 30, 2016, in Broward County, Florida the defendant committed the offense of Obstruction of Justice/Resisting Arrest with Violence contrary to Florida Statute 843.01.

    **4. Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On June 1, 2016, the defendant submitted a urine specimen which tested positive for the presence of marijuana in our local laboratory, and

subsequently was confirmed positive by Alere Toxicology Services, Inc. on June 8, 2016.

Robison has admitted Violations 1, 2 and 4.  For the reasons stated below, the undersigned respectfully recommends that Violation 3 be dismissed.

## FINDINGS OF FACT

1.   On the morning of May 30, 2016, Fort Lauderdale Patrol Officer Albert Kelly, Jr. ("Officer Kelly") was conducting patrol in his marked police car with Patrol Officer Cody Campbell ("Officer Campbell") riding in the passenger seat.

2.   Officer Kelly was driving westbound through the parking lot of a shopping plaza located on Northwest 19th Street and 15th Avenue when he saw a blue Chevy Camaro (hereafter, "Camaro") with tinted windows approaching eastbound.

3.   Officer Kelly noticed that the tinting was very dark, that the tint line on the front windshield was three inches past the allowed level and that the side windows were also dark tinted.  Officer Kelly could not see inside the Camaro.

4.   Officer Kelly made a U-turn and activated his lights and siren intending to conduct a traffic stop for the tinting-related infraction.

5.   The Camaro did not immediately stop, so Officer Kelly followed the car down several streets making squelching sounds with his siren and directing the driver to stop over his loudspeaker.

6.   The Camaro ultimately stopped at Northwest 17th Street and 15th Way.  See Gov't Exs. A-E; Def. Ex. 2.

7.   At that point, Officer Kelly told the driver to roll down the windows over his loudspeaker but the driver did not comply.

8.   Officer Kelly then approached the Camaro from the driver's side while Officer

2

Campbell approached it from the passenger side.

9. Officer Kelly again told the driver to roll down the windows and both officers approached the vehicle cautiously. The driver's door then swung open and Officer Kelly could see Robinson sitting on the driver's seat.

10. Robinson was angry, cursing at the officer, asking him the reason for the stop, and complaining that Officer Kelly had pulled him over before. Officer Kelly recalled stopping Robinson two weeks before for parking in a handicapped spot in a different car.

11. Officer Kelly asked Robinson for his driver's license and Robinson started reaching into the center console so that Officer Kelly could not see his hands.

12. Robinson then told Officer Kelly that he did not have his driver's license and kept sticking his hands in the center console.

13. At that point, Officer Kelly placed Robinson under arrest for obstructing the traffic stop.

14. Officer Kelly tried to pull Robinson's hand but he pulled away. Officer Kelly then tried to get Robinson out of the vehicle to handcuff him. Officer Campbell observed the struggle and came around to assist.

15. According to Officer Kelly, at some point in the sequence Officer Campbell stated that Robinson had kicked him in the chest. However, Officer Kelly did not provide testimony that he observed Officer Campbell being kicked by Robinson.

16. Officer Campbell testified that he went down to Robinson's legs to try and secure him to get him out of the vehicle and at that point Robinson took his left leg and kicked Officer Campbell in the chest.

17. A video shot by the passenger of the Camaro shows the two officers pulling

Robinson out of the car hands and front torso first, then legs, then laying him on the ground facing down. See Def. Ex. 1.

19. The way that Robinson was taken out of the car by the officers as shown in the video does not support Officer Campbell's testimony that Robinson kicked him in the chest.

19. In addition to being arrested, Robinson was given a citation for the improper tinting. See Gov't Ex. F.

## CONCLUSION OF LAW

The standard for establishing a violation of a condition of supervised release is preponderance of the evidence. 18 U.S.C. § 3583(e)(3). Violation 3, Obstruction of Justice/Resisting Arrest with Violence contrary to Florida Statute 843.01, is predicated on Officer Campbell's testimony that Robinson kicked him in the chest. However, Officer Kelly did not did not provide testimony that he observed Officer Campbell being kicked by Robinson. He only testified that, at some point in the sequence, Officer Campbell stated that Robinson had kicked him in the chest. Moreover, the way that Robinson was taken out of the car by the officers as shown in the video does not support Officer Campbell's testimony that Robinson kicked him in the chest. Given the lack of corroborating evidence for Officer Campbell's claim that Robinson kicked him in the chest, the undersigned cannot find that the government has met its burden of proving Violation 3, Obstruction of Justice/Resisting Arrest with Violence contrary to Florida Statute 843.01, by a preponderance of the evidence.

## RECOMMENDATION

Based on the foregoing considerations, the undersigned RESPECTFULLY RECOMMENDS that Robinson be found guilty of Violations 1, 2 and 4 by a preponderance of the evidence; and that Violation 3 be DISMISSED.

4

The parties have **fourteen (14) days** from the date of receipt of this Report and Recommendation within which to serve and file objections, if any, with the Honorable Ursula Ungaro, United States District Judge. See Local Magistrate Rule 4(b). Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY RECOMMENDED at Miami, Florida this 14th day of November, 2016.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: Honorable Ursula Ungaro
    Counsel of record
    USPO